IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,772-04






EX PARTE MILTON WUZAEL MATHIS








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 31,361-D IN THE 268TH DISTRICT COURT


FORT BEND COUNTY





 Per Curiam. Keasler, J., filed a concurring statement in which Hervey, J.,
joined.


O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure article 11.071.

 On September 7, 1999, a jury convicted applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Mathis v. State, 67 S.W.3d 918 (Tex.
Crim. App. 2002). This Court denied relief on applicant's timely filed initial writ application
on April 3, 2002. Ex parte Mathis, No. WR-50,772-01 (Tex. Crim. App. Apr. 3, 2002)(not
designated for publication). Applicant filed a subsequent writ application in the trial court
on July 24, 2003. However, because a writ was also pending in federal court, this Court
dismissed the application without prejudice. Ex parte Mathis, No. WR-50,772-02 (Tex.
Crim. App. Mar. 3, 2004)(not designated for publication). Applicant filed a second
subsequent writ application in the trial court on February 8, 2006, in which he raised a claim
that he was mentally retarded. This Court remanded the case for a hearing, and ultimately
denied relief. Ex parte Mathis, No. WR-50,772-03 (Tex. Crim. App. Sept. 20, 2006)(not
designated for publication). 

 Today, on the day applicant is scheduled to be executed, applicant has filed a third
subsequent application again alleging that he is mentally retarded and that his execution
would violate the United States Supreme Court's opinion in Atkins v. Virginia, 536 U.S. 304
(2002). This Court has reviewed the record and determined that the application does not
meet the dictates of Article 11.071, § 5. Accordingly, it is dismissed.

 IT IS SO ORDERED THIS THE 21st DAY OF JUNE, 2011.


Do Not Publish